# IN THE COURT OF APPEALS OF IOWA

No. 21-1441
Filed January 12, 2022

**IN THE INTEREST OF D.C.,**
**Minor Child,**

**D.C., Father,**
  Appellant,

**B.S., Mother,**
  Appellant.
_____


Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.


A mother and father separately appeal the termination of their parental rights.  **AFFIRMED ON BOTH APPEALS.**


Barbara Davis, West Des Moines, for appellant father.

Jeremy M. Evans of Carr Law Firm, P.L.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Lynn Vogan of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.


Considered by Bower, C.J., and Greer and Badding, JJ.

**BOWER, Chief Judge.**

The mother and father of D.C., born in 2016, separately appeal the termination of their parental rights.

Our review of termination-of-parental-rights proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "We give weight to the juvenile court's factual findings, especially when considering the credibility of witnesses, but we are not bound by them." *Id.* (citation omitted).

In December 2019, the family came to the attention of the department of human services (DHS) following allegations of methamphetamine use by the mother. The child was not removed, but DHS requested the mother complete a substance-abuse evaluation and any recommended treatment. The mother has a history of drug use and prior interactions with DHS.[1] The father, who lived in the home, has a history of drug use and admitted he could not identify when the mother was using drugs.

The mother completed a substance-abuse evaluation but did not follow through with the recommended treatment. The mother tested positive for methamphetamine at least nine times and missed multiple drug screens in the following months. Following their safety plan, the parents voluntarily placed the child with a paternal aunt in early 2020. In May 2020, the child tested positive for methamphetamine and was formally removed from the parents' care. The custodian refused a hair stat test, and the child was removed and placed in foster care.

---

[1] The mother's rights to three older children were terminated in 2012.

In June, the child was adjudicated a child in need of assistance (CINA).

In 2020 and 2021, the mother completed a mental-health evaluation and additional substance-abuse evaluations. Each evaluation recommended treatment, but she either did not start or stopped treatment within a few weeks. Beginning in June 2020, the mother sporadically complied with requested drug screens. She denied use of illegal substances, but most of her completed drug screens came back positive for one or more drugs.

The father did not comply with most requested drug screens. When he did comply, some tests were positive for illegal substances. The father tested positive for methamphetamine in January and April 2021, but had a negative test in June; he admitted he used once in April as an "experiment."

Reports from the mother and child indicate the father has outbursts when angered. The father participated in a parenting assessment in fall 2020 and a neuropsychological evaluation just before the termination hearing. He does not recognize his own or the mother's problem behaviors, and the parenting assessment noted he lacked insight into the consequences of his actions.

The termination hearing occurred on July 14, 2021. The father and the DHS worker testified. The mother was in the courthouse but declined to testify or enter the courtroom for the hearing. At the hearing, the father agreed the home was not safe for the child with the mother using illegal substances and stated the best interest of the child would be for him to kick the mother out and take custody. He also testified he has tried to help the mother and asked her to leave before and she refuses.

The juvenile court terminated each parent's rights. Each parent separately appeals.

*Grounds for termination.* Both parents contest the grounds for termination of their parental rights. The juvenile court terminated the mother's rights under Iowa Code section 232.116(1)(f) and (g) (2021). The father's rights were terminated under section 232.116(1)(f).

"When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *A.B.*, 815 N.W.2d at 774. We will address both parents' challenges to termination under section 232.116(1)(f).

The court may order the termination under paragraph (f) when the child is at least four years of age, has been adjudicated CINA, has been out of the parents' physical custody for at least twelve consecutive months, and cannot be returned to the parents' custody at the time of the termination hearing. Iowa Code § 232.116(1)(f). Both parents concede the first three elements have been established. *See id.* § 232.116(1)(f)(1)-(3). But each argues the child could have been returned to their care at the present time. *See id.* § 232.116(1)(f)(4).

The mother asserts she has meaningfully engaged in treatment services to address her substance abuse and obtained stable employment so the child could be returned to her. While the mother participated in several substance-abuse evaluations—all of which recommended treatment—she did not complete any treatment program and was not in one at the time of termination. Testimony indicated she was no longer employed at the time of the termination hearing, and she tested positive for methamphetamine the month before the hearing. Under

these circumstances, the child could not be safely returned to her care at the time of the hearing.

During his testimony, the father agreed his home is not a safe place for the child due to the mother's continued drug use. He argued he did not need substance-abuse or mental-health services. He rarely appeared for drug testing and tested positive for methamphetamine in the months preceding termination. Eighteen months after the initial report to DHS, he is still unable to recognize when the mother is under the influence of methamphetamine. He continues to reside with the mother despite the impediment to reunifying with the child. The child could not be safely returned to his care at the time of the termination hearing.

We find clear and convincing evidence supports the termination of the parental rights of both the mother and the father.

*Additional time.* At an April 2021 permanency hearing, the parents each asked the court for an additional six months to resume custody of the child. The court denied the request, noting both parents' positive drug screens in January; their many missed drug tests in January, February, and March; and both parents' failure to participate in substance-abuse treatment.

The mother claims an additional period of rehabilitation would remedy her substance abuse and place her in a position to resume care of the child. The father argues DHS and the court were focused on the mother and only provided him a "bare minimum" of services towards reunification. The father now argues the child can be returned to his care within six months if he leaves the mother.

When granting an additional six months to achieve reunification after a permanency hearing, the court must enter an order "enumerat[ing] the specific

factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b).

The mother's behavior over the course of this case does not show reliable or consistent progress toward the goals that would have allowed her to safely resume care of the child. At the time of the termination hearing, she was not in substance-abuse or mental-health treatment and was unemployed. A six-month extension is unwarranted.

The father says he only received a bare minimum of services, but he did not request any different or additional services throughout the case. *See In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005) ("[DHS] has an obligation to make reasonable efforts toward reunification, but a parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing."). A year into DHS supervision, the father chose to use methamphetamine while at work as an experiment, even though the child was removed from the home due to drugs. In more than a year he has still not learned the signs of drug use by others or shown a willingness to establish a safe, drug-free home for the child. We cannot say the need for removal would no longer exist in six months, and an extension is thus unwarranted.

*Best interests of the child.* Each parent asserts termination of their parental rights is not in the child's best interests.

In determining the best interests of the child, we give primary consideration to the child's safety; the best placement for the long-term nurturing and growth of the child; and the physical, mental, and emotional needs of the child. Iowa Code

§ 232.116(2). We also consider the integration of the child into a foster family and where the child's family identity is. *Id.* "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). Parenting must be "constant, responsible, and reliable." *A.B.*, 815 N.W.2d at 777 (citation omitted). "[T]he parents' past performance . . . may indicate the quality of care the parent is capable of providing in the future." *In re J.H.*, 952 N.W.2d 157, 171 (Iowa 2020) (citation omitted).

The child has been in the foster home for more than a year and has integrated into the family, calling the foster mother "mama." The child calls the parents by their names and has reported they are mean. The parents continue to struggle with the same issues that prompted the child's removal and have not shown they are able to provide a safe, stable home that will foster the child's growth. We conclude termination of both parents' rights is in the child's best interests.

Because grounds for termination exist, an extension of time is not warranted, and termination of parental rights is in the child's best interests, we affirm on both appeals.

**AFFIRMED ON BOTH APPEALS.**